UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARIUS JAMAR SMITH,
Plaintiff,

v.

HARRIS COUNTY, TEXAS;
HARRIS COUNTY SHERIFF'S OFFICE (HCSO);
DEPUTY D. REYES, in his official capacity;
HOUSTON POLICE DEPARTMENT (HPD);
OFFICER CODY CASAREZ, in his individual and official capacities,
Defendants.

United States Courts
Southern District of Texas
**FILED**

AUG 27 2025

Nathan Ochsner, Clerk of Court

Civil Action No. _____

PLAINTIFF'S ~~ORIGINAL~~ AMENDED COMPLAINT

(42 U.S.C. §1983 – JURY TRIAL DEMANDED)

## I. INTRODUCTION

This is a civil rights action arising from the wrongful arrest, malicious prosecution, unlawful detainment, and retaliatory acts committed by Harris County and the Houston Police Department. Plaintiff was wrongfully charged with murder, despite acting in self-defense against Kenneth Boyd — a violent offender on probation for felony assault of his domestic partner. The State failed to protect the public by releasing Boyd, who attacked Plaintiff in violation of his probation. The prosecution pursued charges without probable cause, relied on a false affidavit by Officer Casarez, and withheld exculpatory facts, causing Plaintiff to suffer financial ruin, reputational harm, and the loss of his teaching career.

## II. JURISDICTION & VENUE

1. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. §1983.

Case 4:25-cv-03618   Document 8   Filed on 08/27/25 in TXSD   Page 2 of 8

Harris County, Texas, within the Southern District of Texas, Houston Division.

## III. PARTIES

- **Plaintiff:** Darius Jamar Smith, a resident of Texas, wrongfully arrested and prosecuted.
- **Defendant Harris County:** Political subdivision of the State of Texas, responsible for policies and actions of HCSO.
- **Defendant HCSO / Deputy D. Reyes:** Law enforcement agency and deputy who unlawfully detained Plaintiff in a separate but related incident.
- **Defendant Houston Police Department / Officer Cody Casarez:** Municipal police department and officer who authored a false affidavit and participated in malicious prosecution.

## IV. FACTUAL BACKGROUND

### A. Wrongful Arrest for Murder

On January 1, 2021, Plaintiff was visiting his then-girlfriend, Kyana Johnson, when he was violently attacked by Kenneth Boyd — Johnson's uncle. Boyd, a convicted felon on probation for choking his domestic partner, was intoxicated (confirmed by toxicology report) and in violation of multiple probation terms. Boyd struck Plaintiff, causing loss of consciousness or concussion, and then began choking Plaintiff to the point he could not breathe. Fearing for his life, Plaintiff acted in self-defense. Despite clear self-defense evidence and Boyd's violent criminal history, Plaintiff was arrested and charged with murder. *(See Exhibit 1 – Arrest Report; Exhibit 2 – Toxicology; Exhibit 3 – Boyd's Criminal Record)*

### B. Malicious Prosecution

The Harris County District Attorney's Office pursued prosecution without probable cause, ignoring the decedent's violent history, probation status, and intoxication. Boyd's actions on the night in question — felony assault, probation violation, and intoxication — constituted at least three violations of his probation. Nonetheless, Plaintiff was subjected to over four years of legal jeopardy before a grand jury issued a "No Bill," dismissing the murder charge. The dismissal received no public media coverage, while the arrest was widely publicized, compounding Plaintiff's reputational damage. *(See Exhibit 5 – Grand Jury No Bill)*

## C. False Affidavit by Officer Casarez

On June 29, 2022, HPD Officer Cody Casarez filed an affidavit containing false statements inconsistent with prior evidence and his own earlier statement that the case "would go nowhere." Officer Casarez did not personally know the decedent's domestic partner. Rather, **Kyana Johnson — who made a false statement against Plaintiff — was the niece of Kenneth Boyd, the deceased who attacked Plaintiff.** Plaintiff was dating Johnson at the time of the attack and at the time she made her false statement. This relationship, combined with her familial tie to Boyd, raises serious concerns of bias and collusion with the prosecutor. *(See Exhibit 4 – False Affidavit)*

## D. Unlawful Detainment by Deputy Reyes

On September 1, 2022, while the murder charge was still pending, HCSO Deputy D. Reyes unlawfully detained Plaintiff at his own property after Plaintiff refused to provide identification. Reyes threatened to handcuff Plaintiff without legal basis. Sgt. M. Diaz later admitted Reyes acted improperly. *(See Exhibit 6 – Unlawful Detainment Report)*

## E. Employment Discrimination

After the "No Bill" and expungement on May 19, 2025, Plaintiff applied for teaching positions, including with Channelview ISD. The district requested sealed criminal charge information and then denied employment based on the expunged charge, violating Texas expungement law and Plaintiff's rights under §1983. *(See Exhibit 7 – Channelview ISD Emails)*

## V. CAUSES OF ACTION

1. **42 U.S.C. §1983 – Fourth and Fourteenth Amendments**
   - Wrongful arrest without probable cause.
   - Malicious prosecution and fabrication of evidence.
   - Unlawful detainment without reasonable suspicion.
   - Denial of due process through use of false affidavit.
2. **Employment Discrimination under §1983 & State Law**
   - Retaliation and violation of expungement protections.

## VI. DAMAGES

Plaintiff seeks:

- $5,000,000 for wrongful arrest, malicious prosecution, reputational harm, and emotional distress.
- $60,000 for legal expenses.
- $250,000 for unlawful detainment.
- $1,500,000 for false affidavit and related damages.
- $250,000 for employment discrimination.

## VII. RELIEF REQUESTED

Plaintiff requests:

1. Judgment in his favor on all claims.
2. Compensatory and punitive damages.
3. Attorneys' fees under 42 U.S.C. §1988.
4. Declaratory and injunctive relief to prevent similar violations.

Respectfully submitted,

Darius Jamar Smith
4155 Sparks Street
Beaumont, TX 77705
Phone: (832) 790-7581
Email: mr_darius_smith@yahoo.com

## Exhibit 1 – Arrest Record of Kenneth Boyd (Deceased Attacker)

- **Description:** Certified arrest records showing Kenneth Boyd's prior charges, including assault by strangulation against his domestic partner (probation case), and other violent offenses.
- **Relevance: Malicious Prosecution, Wrongful Arrest** – Establishes that Boyd had a violent criminal history and was a danger to the public, undermining the state's probable cause to charge Smith with murder in self-defense circumstances.
- **Notes:** Demonstrates state negligence in allowing Boyd to remain free on probation despite repeated probation violations.

---

## Exhibit 2 – Toxicology Report of Kenneth Boyd

- **Description:** Official toxicology results confirming Boyd was intoxicated at the time of the incident.
- **Relevance: Malicious Prosecution, Wrongful Arrest** – Supports that Boyd's aggressive behavior was fueled by intoxication, corroborating Smith's account of the attack.
- **Notes:** Boyd's intoxication plus prior violent conduct supports the reasonableness of Smith's self-defense claim.

---

## Exhibit 3 – Victim Statement in Boyd's Prior Domestic Violence Case

- **Description:** Statement from Boyd's domestic partner (his probation case victim) describing being choked to the point of feeling she might die.
- **Relevance: Malicious Prosecution, Wrongful Arrest** – Shows a documented pattern of choking victims to near unconsciousness.
- **Notes:** Strongly parallels Smith's own account that Boyd choked him until he could not breathe.

---

## Exhibit 4 – HPD Officer Cody Casarez's False Affidavit

- **Description:** Affidavit filed months after earlier statements in which Casarez claimed the case "would go nowhere." Contains inconsistent facts and omissions.
- **Relevance: False Affidavit, Malicious Prosecution** – Shows material inconsistencies and bias, suggesting possible collusion with prosecutor.
- **Notes:** Casarez personally knew Boyd's niece (Kyana Johnson), who was dating

**Exhibit 5 – Media Coverage of Arrest (No Coverage of Dismissal)**
- **Description:** Screenshots of news reports covering Smith's murder arrest, with no follow-up coverage when the grand jury no-billed the case.
- **Relevance: Malicious Prosecution, Employment Discrimination** – Demonstrates reputational harm and community bias due to one-sided media portrayal.
- **Notes:** Absence of dismissal coverage amplified reputational damage.

**Exhibit 6 – Notice of Intent to Sue Letters**
- **Description:** Certified letters sent to Harris County Sheriff's Office and Houston Police Department notifying of intent to sue and tolling requests.
- **Relevance: All Claims** – Shows proper pre-litigation notice was given, with no response from agencies.

**Exhibit 7 – Grand Jury No-Bill Documentation**
- **Description:** Certified record showing the grand jury declined to indict Smith for murder.
- **Relevance: Malicious Prosecution, Wrongful Arrest** – Proves lack of probable cause and supports claims that prosecution should never have been pursued.

**Exhibit 8 – Employment Discrimination Evidence**
- **Description:** Emails, HR requests for sealed records, and rejection letter from Channelview ISD after expungement.
- **Relevance: Employment Discrimination** – Demonstrates violation of Texas expungement laws and civil rights under 42 U.S.C. §1983.

**Exhibit 9 – Unlawful Detainment by Deputy D. Reyes**
- **Description:** Summary of incident and internal acknowledgment by Sgt. M. Diaz that Reyes acted improperly.
- **Relevance: Unlawful Detainment** – Directly supports the claim against Harris County Sheriff's Office.

**Exhibit 10 – Timeline of Key Events**
- **Description:** Master chronological timeline linking incidents, filings, and evidence.
- **Relevance: All Claims** – Organizes the narrative for easy reference by court or counsel.

Darius Jamar Smith
4155 Sparks Street
Beaumont, TX 77705
Phone: (832) 790-7581
Email: mr_darius_smith@yahoo.com

Date: August 26, 2025

Clerk of Court
United States District Court
Southern District of Texas – Houston Division
515 Rusk Street, Room 5300
Houston, TX 77002

RE: Filing of Pro Se Complaint – Darius Jamar Smith v. Harris County, et al.

Dear Clerk of Court:

Enclosed for filing please find the following documents in the above-referenced matter:

    1.    Plaintiff's Original Complaint under 42 U.S.C. §1983 (with jury demand).
    2.    Exhibit Reference List with Exhibits 1–10.
    3.    Copy of the Court's order granting my Application to Proceed In Forma Pauperis (IFP).
    4.    Civil Cover Sheet (JS-44).

Please file these materials and assign a civil action number. Because my IFP application was granted, no filing fee should be required. I respectfully request that the Court issue summonses for each Defendant upon review of my complaint.

Thank you for your attention to this matter. Please let me know if any additional materials are required.

Respectfully,

/s/ Darius Jamar Smith
Plaintiff, Pro Se