## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DARIUS JAMAR SMITH,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-03618** |
| | § | |
| **HARRIS COUNTY, TEXAS, DEPUTY D.** | § | |
| **REYES, OFFICER CODY CASAREZ, CITY** | § | |
| **OF HOUSTON, TEXAS.** | § | |
| *Defendants.* | § | |

## DEFENDANT OFFICER CODY CASAREZ'S 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Officer Cody Casarez ("Officer Casarez") and files this motion to dismiss the claims of Plaintiff, Darius Jamar Smith, pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and respectfully shows the following:

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff Darius Jamar Smith ("Plaintiff"), proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights arising from purported wrongful arrest, unlawful detainment, malicious prosecution, and related misconduct. The Complaint names the City of Houston and Officer Cody Casarez as Defendants, among others.

The Complaint fails to plausibly allege any constitutional violation attributable to Officer Casarez and asserts claims that are barred by the applicable statute of limitations. Officer Casarez now moves to dismiss all claims against him with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## ISSUES PRESENTED

I.      Whether Plaintiff's claims against Officer Casarez overcome his qualified immunity.

II.     Whether Plaintiff failed to plausibly allege any constitutional violation to support a claim for relief pursuant to 42 U.S.C. § 1983.

III.    Whether Plaintiff's claims are barred by the statute of limitations.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), an action may be dismissed "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 566 U.S. at 678-679. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting

*Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Ashcroft*, 556 US at 678. A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Dismissal is therefore appropriate if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions cannot prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the court considers (1) the well pleaded facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005).

## <u>ARGUMENT AND AUTHORITIES</u>

### <u>Plaintiff's Claims are Barred by the Statute of Limitations.</u>

Plaintiff's claims against Officer Casarez, arising from the alleged June 19, 2022, affidavit, are

time-barred. Claims under 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, that period is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a); *see also Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995). While state law supplies the limitations period, federal law determines when a § 1983 claim accrues. *Wallace*, 549 U.S. at 388.

Here, the Complaint was filed on August 4, 2025, more than three years after the alleged June 19, 2022, affidavit. Based on the pleaded allegations, any claims accrued in 2022, well outside the two-year window. Consequently, Plaintiff's claims are time-barred on their face and must be dismissed. *Jones v. Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir. 2003) (dismissal appropriate where untimeliness is apparent from the pleadings).

**<u>Defendant Officer Casarez is Entitled to Qualified Immunity.</u>**

Governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). Qualified immunity is justified unless no reasonable officer could have acted as the defendant officer did, or every reasonable officer faced with the same facts would not have acted as the defendant officer did. *Kokesh v. Curlee*, 14 F.4[th] 382 (5th Cir. 2021). In other words, if officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact. *Tucker v City of Shreveport*, 998 F3d 165, 172 (5th Cir 2021). Qualified immunity is an "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). As such, one of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive. *Carswell v. Camp*, 54 F.4[th] 307, 310 (5th Cir. 2022) (citing *Backe v. LeBlanc*, 691 F.3d

645, 647–49 (5th Cir. 2012)).

Once a defendant has invoked the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). The threshold inquiry in resolving an issue of qualified immunity is whether, taking the facts in the light most favorable to the plaintiff, the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Scott v. Harris*, 550 U.S. 372, 377-78 (2007). Next, the Court considers whether the allegedly violated right is "clearly established," In that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* At 201. "Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). "This requirement establishes a high bar." *Id.* When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity. *Id.* Officials "who reasonably but mistakenly commit a constitutional violation are entitled to immunity." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001)). Courts have discretion to decide which prong of the qualified-immunity analysis to address first. *Morgan*, 659 F.3d at 371. Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at that stage. *Carswell*, 54 F.4th at 311-12. It cannot defer that question until summary judgment. *Id.* Nor can it permit discovery against the immunity-asserting defendants before it rules on their defense. *Id.*

On a motion to dismiss, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Backe*, 691 F.3d at 648 (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). "Thus, a plaintiff

seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.* at 648. *See also Cole v. Carson*, 935 F.3d 444, 474 (5th Cir. 2019) (Ho & Oldham, JJ., dissenting) (noting thirteen cases in the last sixteen years in which the Supreme Court applied the "extraordinary remedy of a summary reversal" to correct failures "not only to identify a clearly established rule of law, but to do so with *great specificity*").

Here, Plaintiff fails to allege facts that would support a constitutional violation by Officer Casarez. Even if Plaintiff had plausibly alleged a constitutional violation, Officer Casarez is entitled to qualified immunity as Plaintiff has failed to cite any clearly established law that would have put Officer Casarez on notice that his conduct would be clearly unlawful.

**Plaintiff fails to plausibly allege any constitutional violation to support a claim for relief pursuant to 42 U.S.C. § 1983.**

To state a claim under 42 U.S.C.S. § 1983, a plaintiff must demonstrate first, a violation of the U.S. Constitution or of federal law; and second, that the violation was committed by someone acting under color of state law. *O'Dwyer v. Nelson*, 310 F. App'x 741, 742 (5th Cir. 2009). "42 U.S.C.S. § 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care." *Christian v. Cockrell*, 2:02-CV-0098, 2002 U.S. Dist. LEXIS 9552, at *4 (N.D. Tex. 2002), citing *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *Daniels v. Williams*, 474 U.S. 327, 331-34 (1986); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff states no facts from which the Court may infer a constitutional violation supporting any claim against Officer Casarez and have failed to overcome his qualified immunity. Even without the high burden of overcoming qualified immunity, Plaintiff's pleadings contain no facts showing that Officer Casarez violated any right. "A defendant's personal involvement is an essential element of a §1983 claim, which must be pled with specific facts and not conclusory allegations." *Villegas v. City of El Paso*, EP-

15-CV-00386-FM, 2020 WL 981878, at *4 (W.D. Tex. Feb. 28, 2020) (citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); and *Thompson v. City of Starkville*, 901 F.2d 456.469 n. 13 (5th Cir. 1990). A §1983 claim must be based on a defendant's actual participation in an event that causes a violation of civil rights. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *Thompson v. Crnkovich*, 788 Fed. App'x. 258, 259 (5th Cir. 2019).

Here, Plaintiff fails to allege any specific conduct attributable to Officer Casarez. The complaint's sole allegation against Officer Casarez, that he filed an affidavit on June 19, 2022, based on a false terroristic threat complaint, fails to state a plausible constitutional violation. A false arrest claim requires the absence of probable cause, but Plaintiff does not allege facts showing Officer Casarez lacked probable cause at the time of filing. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009). Absent any facts tying Officer Casarez to a constitutional deprivation, all claims against him must be dismissed.

## CONCLUSION AND PRAYER

Defendant Officer Cody Casarez respectfully prays that the honorable Court grant this Motion and dismiss the Plaintiff's claims with prejudice, and for all other relief to which she may be entitled in equity or under law.

<div style="margin-left:40%">

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Section Chief Torts/Civil Rights

By:    */s/ Alexander Garcia*
      ALEXANDER GARCIA
      *Attorney in Charge*
      SBN: 24104429
      FBN: 3852904
      Assistant City Attorney
      City of Houston Legal Department
      P.O. Box 368
      Houston, Texas 77002-0368

</div>

Tel. (832) 393-6293
Fax (832) 393-6259
alexander.garcia@houstontx.gov
**ATTORNEYS FOR DEFENDANT**
**OFFICER CODY CASAREZ**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of September 2025, a true and correct copy of the foregoing document, and any attachments, were delivered to all parties of record by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission, or certified mail, return-receipt requested.

*/s/ Alexander Garcia*
Alexander Garcia